# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| VELIA CASTANEDA, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| PLAINTIFF, | )<br>) CIVIL ACTION NO.: _____ |
| V. | )<br>) |
| CHILLY WATER, LLC, D/B/A THE BRICKHOUSE SPORTS CAFE, | )<br>)<br>) |
| DEFENDANT. | ) |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Velia Castaneda, individually, and on behalf of all others similarly situated, files her Complaint against Defendant, Chilly Water, LLC, d/b/a The Brickhouse Sports Cafe, and, in support thereof, shows as follows:

### INTRODUCTION

Velia Castaneda was employed by Chilly Water, LLC, d/b/a The Brickhouse Sports Cafe (hereinafter "Brickhouse" or "Defendant") from July of 2017 until August 28, 2019. Ms. Castaneda was hired as a Server, but she was quickly promoted to Bartender.

Although Ms. Castaneda and other employees of Brickhouse worked for approximately one- and one-half hours after the establishment closed, they were routinely clocked out by a member of management at the time the store closed. This

1

practice continued for the duration of Ms. Castaneda's employment with Brickhouse.

Ms. Castaneda learned she was pregnant in February 2019 and immediately informed Brickhouse management. In June 2019, Ms. Castaneda went on vacation that had been approved in May 2019 by the General Manager at Brickhouse. After Ms. Castaneda returned from vacation, she was informed that she had been transferred to a Host position where she would be working fewer hours and earning a significantly lower wage because, due to her pregnancy, Brickhouse's management decided she was unable to move kegs, even though this had never been part of her job as bartender in the past and she had never requested this accommodation. The Brickhouse Sports Café made no effort to protect Ms. Castaneda from sex and/or pregnancy discrimination and effectively terminated her employment on August 28, 2019.

## JURISDICTION AND VENUE

1. This action arises under, *inter alia*, the FAIR LABOR STANDARDS ACT of 1938, as amended, 29 U.S.C. §§ 201-219 (1988), including 29 U.S.C. § 216(b) (the "FLSA") and Title VII of the CIVIL RIGHTS ACT of 1964, as amended by the PREGNANCY DISCRIMINATION ACT, 42 U.S.C. §§ 2000e – 2000e-17.

2. This Court maintains subject matter jurisdiction under 29 U.S.C. § 216(b); 42 U.S.C. §§ 2000e – 2000e-17; 42 U.S.C. § 1981a; and 28 U.S.C. §§ 1337

and 1343(a)(4).

3. Venue is proper in this Court as the unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

**PARTIES**

4. Velia Castaneda (hereinafter "Castaneda" or "Plaintiff"), is above the age of nineteen (19) and was, at all times relevant hereto, a resident of Madison County, Alabama and a citizen of the United States of America.

5. Defendant Chilly Water, LLC, d/b/a The Brickhouse Sports Café, is an employer engaged in commerce pursuant to the FLSA, 29 U.S.C. §§ 203(s)(1)(A)(i) and (ii), and, at all times material hereto, engaged in business within the meaning of the FLSA.

6. Other similarly situated employees are or were employed by Defendant and are referred to herein as "similarly situated employees" or "others similarly situated."

7. Defendant employed Plaintiff and other similarly situated employees within the meaning of the FLSA. Defendant directly and by and through its duly authorized agents participated in payroll decisions involving Plaintiff and others similarly situated and intentionally, knowingly, and willfully failed and continues to fail to compensate Plaintiff and others similarly situated in accordance with the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 20

U.S.C. § 207.

8. As per the allegations *infra*, Plaintiff has standing to prosecute this action.

9. Plaintiff brings this action on behalf of herself and all other similarly situated employees and former employees of Brickhouse to recover unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief due under the provisions of the FLSA.

10. Defendant is an employer engaged in commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 2000e doing business in the above Judicial District.

## CONDITIONS PRECEDENT

11. On August 16, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on sex (pregnancy). A copy of this Charge is attached hereto as "Exhibit A."

12. Plaintiff received Notice of Right-to-Sue from the E.E.O.C. dated May 5, 2020 as to her Charge of Discrimination, and this action is being instituted within ninety (90) days of receipt by Plaintiff. A copy of the Right-to-Sue is attached hereto "Exhibit B."

**FACTUAL AVERMENTS**

**Hourly Violations**

13. Plaintiff began working for Defendant in July 2017 as a Server, but she was promoted to the position of Bartender within two weeks of being hired.

14. As a Bartender, Plaintiff was paid $3.00 per hour in direct wages plus tips.

15. Although Plaintiff and other employees of Brickhouse were required to perform cleaning duties to close the establishment after it was closed to customers, Brickhouse management routinely clocked Plaintiff and other "closing" employees out at the time the establishment closed to customers.

16. Because the Plaintiff was clocked out, Defendant did not track or record those extra hours worked and Plaintiff was not paid either the $3.00 per hour as agreed or minimum wage for those hours worked after she was clocked out each day.

17. Plaintiff and other "closing" employees worked approximately one-and one-half hours after they were clocked out for the day.

18. In or around late February 2019, Plaintiff learned that she was pregnant and immediately notified her manager.

19. At the time, Plaintiff was working approximately 35 hours per week and earning approximately $22.00 per hour in combined wages and tips.

20. Plaintiff scheduled her birthing classes for Monday evenings, a night she was scheduled to be off every week.

## Pregnancy Discrimination

21. In May 2019, Plaintiff requested time off in June 2019 for a vacation. The Brickhouse General Manager, Nathan Worthan, approved her request.

22. As planned, Plaintiff went on vacation in June 2019.

23. When Plaintiff returned from vacation, she went to Brickhouse to check her schedule and found that she was not scheduled to work.

24. Plaintiff contacted a manager to request that she be included on the schedule, and that individual informed her that Dakota Reed, a Brickhouse consultant, had made the decision that Plaintiff would not be permitted to work as a Bartender until after she gave birth.

25. Although she had **never** been required to complete the task during her employment with Brickhouse, Ms. Castaneda was informed that since she would be unable to change a keg of beer while she was pregnant, she was being moved to a Host position.

26. Plaintiff was informed that Brickhouse would not accommodate her birthing class schedule.

27. As a Host, Plaintiff earned $9.00 per hour. She was scheduled to work 8 – 15 hours per week.

28. On August 28, 2019, unable to afford the drastic reduction in her wages, Plaintiff was forced to take a job elsewhere.

29. Plaintiff continued to earn a lower wage with the new employer than she had earned at Brickhouse as a Bartender.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and all other similarly situated employees and former employees of Defendant to recover unpaid minimum wages, liquidated damages, attorneys' fees, costs, and other relief as allowed under the provisions of the FLSA.

31. Plaintiff and others similarly situated performed and/or perform duties for Defendant and were and/or are subject to the provisions of the FLSA regarding payment of wages.

32. As hourly, tipped employees, Plaintiff and others similarly situated were and/or are entitled to $2.13 an hour in direct wages if that amount plus the tips received equals at least the Federal minimum wage, or, in the event that tips combined with Defendant's direct wages of at least $2.13 an hour did and/or do not equal the Federal minimum hourly wage, Defendant was and/or is required to make up the difference.

33. Plaintiff and similarly situated employees were entitled to hourly pay, at a minimum of $2.13 per hour, for all hours worked during their workweek.

7

Because they were all clocked out and required to stay an extra 1 hour to 1.5 hours each week, no similarly situated employees were paid even minimum wage for all hours worked.

34. Plaintiff and others similarly situated were and/or are also entitled to overtime compensation for hours worked over forty (40) in a work week at a rate of not less than time and one-half of their regular rate of pay.

35. Plaintiff is aware of other, similarly situated individuals who were not paid in accordance with the FLSA.

36. Plaintiff did not, at any time, function as a manager or have any input or decision-making authority regarding paying employees or setting their schedules.

37. Defendant employed Plaintiff and employed and/or continues to employ others similarly situated during the work week and fails and refuses to compensate them for such time worked in violation of the provisions of 29 U.S.C. §§ 206(a) and 207(a).

38. Defendant was required by law to keep and retain possession of records showing the hours worked and wages to be paid to Plaintiff and others similarly situated. These records either do not exist or are in the exclusive control of Defendant.

39. Defendant was and is aware of the provisions of the FLSA requiring wages to be paid to Plaintiff and others similarly situated, but deliberately or in

reckless disregard of the Act willfully failed to pay wages due and lawfully owed to Plaintiff and others similarly situated.

40. Defendant, by and through its duly authorized agents, failed and continues to fail to act in good faith and has no reasonable grounds for believing that it was not violating the FLSA.

## COUNTS

### Count I
### Violation of the FAIR LABOR STANDARDS ACT
**(On behalf of Velia Castaneda, individually and on behalf of the Class)**

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 9, 13-16, and 29 through 38 as though fully set forth herein.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees' at least the minimum wage for all hours worked up to forty (40) hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for the hours they work in excess of forty (40) hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

44. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 C.F.R. § 516.2(a)(7).

45. By engaging in the above-mentioned activities, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

46. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated employees, respectfully prays this Honorable Court:

A. Accept jurisdiction of this matter;

B. Declare Defendant's conduct to have violated 29 U.S.C. §§ 206(a) and 207(a) as to Plaintiff and as to individuals similarly situated;

C. Enter a judgment against the Defendant in the amount due Plaintiff and others similarly-situated as the same may hereafter be identified and named prior to or at trial, as unpaid wages, liquidated damages, interest, and costs under the provisions of the FAIR LABOR STANDARDS ACT;

D. Enter judgment for a reasonable attorneys' fee, costs, and pre- and post-judgment against the Defendant; and

E. Enter such other, different, and further relief, including equitable, to which Plaintiff and others similarly situated are entitled and as the Court deems just and proper.

### Count II
### Violation of Title VII of the Civil Rights Act of 1964 as Amended by the Pregnancy Discrimination Act
### (On behalf of Velia Castaneda)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 and 17 through 28 as though fully set forth herein.

48. Plaintiff has been subjected to gender discrimination, pregnancy

discrimination, and retaliation.

49. Plaintiff avers Defendant condoned and tolerated the gender discrimination, pregnancy discrimination, and retaliation. Defendant's actions were in violation of Title VII of the CIVIL RIGHTS ACT of 1964, as amended, including, but not limited to the PREGNANCY DISCRIMINATION ACT.

50. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, and injunctive relief, and declaratory judgment is her only means of securing adequate relief. The unlawful employment practices complained of were done with malice and/or with reckless indifference to the federally protected rights of Plaintiff.

51. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

52. Despite diligent efforts, Plaintiff has been unable to secure comparable alternative employment.

53. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the Defendant's violations of Title VII of the CIVIL RIGHTS ACT of 1964, as amended, including but not limited to the

PREGNANCY DISCRIMINATION ACT.

WHEREFORE, Plaintiff, Velia Castaneda, prays that that this Court:

A. Declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

B. Enjoin the Defendant from engaging in such conduct;

C. Award Plaintiff compensatory and punitive damages in an amount to be determined by the Court;

D. Award Plaintiff costs and attorneys' fees; and

E. Grant such further and other relief as it may deem just and proper.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted this the 10th day of June 2020.

> s/ *Eric J. Artrip*
> Teri Ryder Mastando (ASB-4507-E53T)
> Eric J. Artrip (ASB-9673-I68E)
> MASTANDO & ARTRIP, LLC
> 301 Washington Street NW, Suite 302
> Huntsville, Alabama 35801
> Telephone:  (256) 532-2222
> Facsimile:   (256) 513-7489
> teri@mastandoartrip.com
> artrip@mastandoartrip.com

### DEFENDANT TO BE SERVED BY CERTIFIED MAIL

Chilly Water, LLC, d/b/a The Brickhouse Sports Café
c/o Michael K. Wisner, Registered Agent
100 Washington Street, Suite 200
Huntsville, AL 35801